# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jane Doe

### DEFENDANTS
Edward N. Weizer

**(b)** County of Residence of First Listed Plaintiff: Mercer
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Valencia County, NM
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Laura E. Laughlin, Esquire/Freiwald Law, P.C.
1500 Walnut St., 18th Fl., Phila., PA 19102 (215) 875-8000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**TORTS — PERSONAL INJURY:** [x] 360 Other Personal Injury

(All other nature of suit boxes unchecked)

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 and 28 U.S. Code § 1391(b)

Brief description of cause:
Sexual Assault

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $:

JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 11/24/2021
SIGNATURE OF ATTORNEY OF RECORD: *Laura E. Laughlin*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD N. WEIZER<br>800 Desi Loop<br>Belen, New Mexico 87002<br><br>　　　　　Defendant. | CIVIL ACTION NO.<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jane Doe, by her attorneys, Freiwald Law, P.C., by way of Complaint against the Defendant, states and alleges as follows:

## I.　INTRODUCTION

1.　This case concerns the repeated sexual and physical assaults against Jane Doe when she was approximately two (2) to fourteen (14) years old by Defendant Edward N. Weizer. Plaintiff Jane Doe is currently forty-five (45) years old.

2.　This action is timely filed under New Jersey's two-year look back window, N.J. Stat. § 2A:14-2b.

## II.　PARTIES

3.　Plaintiff Jane Doe is a citizen and resident of the State of New Jersey. Since the claims involved in this Complaint involve the sexual abuse and assault of Jane Doe when she was a minor under age 18, she is filing under pseudonym. Plaintiff Jane Doe can be reached through her counsel.

4. Defendant Edward N. Weizer, is a citizen of New Mexico residing at 800 Desi Loop, Belen, New Mexico 87002. At all relevant times, Defendant Weizer was an adult and Plaintiff, a minor, was in Defendant's care, custody, and control.

### III.   JURISDICTION

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

6. It is certified that the amount in controversy is greater than $75,000.

7. Venue is proper pursuant to 28 U.S. Code § 1391(b) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this District.

### IV.   FACTS

8. At all relevant times, Jane Doe lived with Defendant Edward Weizer in New Jersey.

9. During the course of Plaintiff's childhood, Defendant Weizer physically and verbally abused Plaintiff and Plaintiff's mother in order to cause Plaintiff to become submissive to him.

10. The physical abuse included beating Plaintiff with a belt and beating her while pointing a gun at her, which caused Plaintiff to fear Defendant and do whatever Defendant told her to do.

11. The first time Plaintiff can recall Defendant sexually assaulting her was when she was approximately two (2) years old.

12. On this occasion, Plaintiff's mother was not home and Defendant was giving Plaintiff a bath in the tub.

13. While Plaintiff was in the bath tub, Defendant anally penetrated Plaintiff with his

finger.

14. Plaintiff was very scared and afraid to tell her mother or anyone else due to Defendant's physical abuse toward her.

15. When Plaintiff was approximately nine (9) years old, she and Defendant moved into a home located at 22 Sherwood Court, Flemington, New Jersey 08822.

16. When Plaintiff was approximately 11 or 12 years old, Defendant pointed a gun at Plaintiff and made her touch Defendant's penis with her hands and masturbate him in the basement of 22 Sherwood Court.

17. When Plaintiff was approximately thirteen (13), Defendant groped Plaintiff's breasts at the dinner table and in the house at 22 Sherwood Court.

18. When Plaintiff was approximately fourteen (14) years old, she attempted to protect herself from Defendant by locking her bedroom door so Defendant could not gain access during the night.

19. Defendant responded by slamming Plaintiff's left hand in the door and broke several fingers on her hand.

20. Defendant then removed Plaintiff's bedroom door from its hinges and watched her while she slept at night.

21. At the age of fifteen (15), Plaintiff left Defendant's residence at 22 Sherwood Court and cut off communication from him due to his abuse.

22. At approximately age sixteen (16), Plaintiff began crisis counseling and has been in therapy on and off from that point up to the present day as an adult.

23. Plaintiff has also undergone Eye Movement Desensitization and Reprocessing (EMDR) therapy, which is focused on helping the brain reprocess traumatic events and memories in an attempt to heal from the abuse by Defendant.

24. Due to the abuse and assaults by Defendant on Plaintiff, Plaintiff has and continues to suffer serious and permanent injuries, including but not limited to:

    a. sexual assault;

    b. physical trauma;

    c. psychological trauma;

    d. sexual harassment;

    e. assault and battery;

    f. irritable bowel;

    g. emotional distress;

    h. anxiety;

    i. eating disorders;

    j. nightmares;

    k. difficulty sleeping;

    l. paranoia;

    m. flashbacks;

    n. difficulty in romantic relationships;

    o. difficulty with intimacy;

    p. difficulty in interpersonal relationships;

    q. difficulty with medical examinations;

    r. lack of trust with men;

      s.      lack of trust with people in positions of authority;

      t.      embarrassment;

      u.      humiliation;

      v.      the need for counseling;

      w.      the need for medication;

      x.      past medical treatment;

      y.      future medical treatment;

      z.      past medical expenses;

      aa.      future medical expenses; and

      bb.      out of pocket expenses.

## V. CLAIMS

### COUNT I
### Violation of the New Jersey Sexual Abuse Act N.J.S.A. 2A:61B-1, et. seq.
### Plaintiff v. Defendant

25.    All previous paragraphs are incorporated here by reference.

26.    While Plaintiff was approximately 2 to 14 years old, Defendant committed sexual abuse of Plaintiff repeatedly as described in detail above in violation of the New Jersey Child Sex Abuse Act in Defendant's residential homes in New Jersey.

27.    The actions of Defendant in violation of the New Jersey Child Sexual Abuse Act caused serious and permanent injuries to Plaintiff as detailed in paragraph 24 above.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant in an amount greater than the jurisdictional limits of this court, including but not limited to compensatory and punitive damages with interest, attorney's fees, costs, and other such relief as the Court may deem appropriate

## COUNT II
### Negligence and Recklessness
### <u>Plaintiff v. Defendant</u>

28. All previous paragraphs are incorporated here by reference.

29. At all relevant times and when Defendant committed child sexual abuse and assault against Plaintiff, Defendant willingly and knowingly undertook and exercised care, custody, and control over Plaintiff.

30. At all relevant times, Plaintiff was a minor, which limited her ability to protect herself from harm.

31. Defendant knew that Plaintiff was a minor while she was in Defendant's care, custody, and control.

32. At all relevant times, Defendant owed Plaintiff a duty of care to reasonably ensure and take reasonable precautions to ensure Plaintiff's safety from foreseeable harms and injuries.

33. Defendant carelessly, knowingly, willfully, and recklessly breached his duty of care by failing to protect and promote Plaintiff's right to be free from sexual abuse and her right to personal privacy and bodily integrity.

34. Defendant carelessly, knowingly, willfully, and recklessly breached his duty of care by failing to protect and promote Plaintiff's right to be free from all forms of sexual and physical abuse.

35. As a direct and proximate result of Defendant's conduct, Plaintiff sustained the past and future serious, permanent injuries more fully described in paragraph 24 above.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant in an amount greater than the jurisdictional limits of this court, including but not limited to

compensatory and punitive damages with interest, attorney's fees, costs, and other such relief as the Court may deem appropriate

## COUNT III
### Sexual Assault & Battery
### Plaintiff v. Defendant

36. All previous paragraphs are incorporated here by reference.

37. Defendant sexually assaulted, sexually abused, physically abused, and had sexual contact with Plaintiff repeatedly in violation of the laws of the State of New Jersey, which violated all reasonable and acceptable bounds of appropriate conduct.

38. By repeatedly sexually assaulting, sexually abusing, physically abusing, and having sexual contact with Plaintiff, Defendant caused Plaintiff to suffer repeated, outrageous, unjustified, harmful, and offensive contact.

39. By repeatedly sexually assaulting, sexually abusing, and having sexual contact with Plaintiff, Defendant repeatedly placed Plaintiff in imminent and reasonable apprehension of harmful and offensive contact.

40. Plaintiff did not in any way consent to Defendant's unlawful, harmful and outrageous touching and could not consent as Plaintiff was a minor at the time of Defendant's sexual assault and battery.

41. Defendant's actions caused Plaintiff serious and permanent injuries that are continuing and are described in paragraph 24 above.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant in an amount greater than the jurisdictional limits of this court, including but not limited to compensatory and punitive damages with interest, attorney's fees, costs, and other such relief as the Court may deem appropriate.

## COUNT IV
### Intentional and/or Negligent Infliction of Emotional Distress
### Plaintiff v. Defendant

42. All previous paragraphs are incorporated here by reference.

43. Defendant's conduct in grooming and repeatedly sexually and physically assaulting Plaintiff was extreme, outrageous, and beyond all bounds of decency.

44. Defendant's grooming and repeatedly sexually and physically assaulting Plaintiff was intentional and with reckless disregard for the harm it would foreseeably cause Plaintiff.

45. Additionally, Defendant endangered and breached the physical safety of Plaintiff and caused her to fear for her own physical safety.

46. Defendant's actions caused Plaintiff serious and permanent injuries that are continuing and are described in paragraph 24 above.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant in an amount greater than the jurisdictional limits of this court, including but not limited to compensatory and punitive damages with interest, attorney's fees, costs, and other such relief as the Court may deem appropriate.

## COUNT V
### False Imprisonment
### Plaintiff v. Defendant

47. All previous paragraphs are incorporated here by reference.

48. Defendant detained Plaintiff from freedom of movement and without legal authority or justification through an apprehension of force against Plaintiff's will with the intention of causing confinement.

49. Defendant falsely imprisoned Plaintiff so that he could sexually abuse and assault her in his residences.

50. It was foreseeable to Defendant that his conduct would and did cause Plaintiff serious and permanent injuries more fully described in paragraph 24 above.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant in an amount greater than the jurisdictional limits of this court, including but not limited to compensatory and punitive damages with interest, attorney's fees, costs, and other such relief as the Court may deem appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues.

                                              **FREIWALD LAW, P.C.**

By: _/s/ Laura E. Laughlin_
      AARON J. FREIWALD, ESQUIRE
      LAURA E. LAUGHLIN, ESQUIRE
      Attorneys for Plaintiff

Dated: November 24, 2021